E-FILED
Friday, 08 May, 2026  03:53:09 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| MARLO L. OBAMEDO, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 26-2071 |
| | ) | |
| DUNCAN *et al.*, | ) | |
| Defendants. | ) | |

ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is a Motion for Leave to File an Amended Complaint (Doc. 6) filed under 42 U.S.C. § 1983 by Plaintiff Marlo Obanedo, an inmate at Decatur Correctional Center ("Decatur"). Plaintiff has also filed Motions for Counsel (Doc. 4, 8).

I.      Complaint

A. Screening Standard

The Court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. Upon reviewing the complaint, the Court accepts the factual allegations as accurate, construing them liberally in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be

provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### B. Factual Allegations

Plaintiff alleges constitutional violations against the following individuals: Dr. Duncan, Houser, Internal Affairs Officer Sleet, former Decatur Warden Thompson, and Cook County Jail ("Jail") Superintendent Botai.

Plaintiff asserts that she has been at Decatur for ten months, and aside from receiving an X-ray, Dr. Duncan has only prescribed Tylenol and Voltaren, a nonsteroidal anti-inflammatory drug, for her hip and knee, adding that the left side is "dead." (Pl. Amend. Compl., Doc. 6 at 6.)

Plaintiff also asserts that on an unidentified date, Defendant Sleet conducted a compliance shakedown of her cell and confiscated an envelope of photos that Plaintiff asserts she purchased. Plaintiff claims that although Defendant Houser provided her a lock for her property box, Houser did not provide a key for the lock. However, Plaintiff acknowledges that the combination lock on her property box does work. Plaintiff also asserts that Defendant Thompson has not addressed any of her grievances and that Decatur does not have a grievance officer on staff. Plaintiff alleges harassment claims against Defendant Botai while detained at the Jail.

### C. Analysis

Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 6) is granted. The Clerk of the Court is directed to docket Plaintiff's amended pleading (Doc. 6 at 1-9.)

"Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates 'deliberate indifference to serious medical needs of prisoners.'" *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). To succeed on a claim of deliberate indifference to a serious medical need, a plaintiff must satisfy a test that contains both an objective and subjective component. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996).

Under the objective component, a plaintiff must demonstrate that her medical condition is sufficiently severe. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Under the subjective component, the prison official must have acted with a "sufficiently culpable state of mind." *Id.* Thus, a plaintiff can establish deliberate indifference by showing that a defendant "knew of a substantial risk of harm to the inmate and disregarded the risk." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).

"A medical professional acting in his professional capacity may be held to have displayed deliberate indifference only if the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Rasho v. Elyea*, 856 F.3d 469, 476 (7th Cir. 2017) (quoting *Sain v. Wood*, 512 F.3d 886, 895 (7th Cir. 2008) (internal quotation marks omitted)).

Plaintiff's account is sufficient to state an Eighth Amendment deliberate indifference to serious medical needs claim against Defendant Duncan. However, Plaintiff does not state a claim against the remaining identified Defendants.

The unauthorized—negligent or intentional—loss, confiscation, or destruction of

a prisoner's personal property does not violate due process where state law provides a meaningful post-deprivation remedy. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).

In Illinois, a prisoner has an adequate remedy available to him in the Illinois Court of Claims. *See Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); *see also Sorrentino v. Godinez*, 777 F.3d 410, 413 (7th Cir. 2015) ("The Illinois Court of Claims has exclusive jurisdiction over suits asserting damages to property."); Court of Claims Act, 705 ILCS 505/8(d) (limiting damages against the State for tort claims and vesting the Court of Claims with exclusive jurisdiction); *Davenport v. City of Chicago*, 653 F. Supp. 2d 885, 891 (N.D. Ill. 2009) ("Pursuant to state law, [arrestee] may file a tort claim in the Illinois Court of Claims for her property losses."). Therefore, any allegations regarding the unauthorized confiscation of personal property alleged against Defendant Sleet must be raised in the Illinois Court of Claims.

Plaintiff also does not state a claim against Defendant Thompson for her alleged failure to address Plaintiff's grievances. "Only persons who cause or participate in [constitutional] violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). "[T]he mishandling of [an inmate's] 'grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim.'" *Owens v. Godinez*, 860 F.3d 434, 438 (7th Cir. 2017) (quoting *Owens v. Hinsley*, 635 F.3d 950, 953–54 (7th Cir. 2011)); *see also Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017) ("[T]he failure to follow a state's inmate grievance procedures is not a federal due-process violation.").

Additionally, Plaintiff does not assert, and the Court's legal research does not

identify a controlling case establishing Plaintiff's freestanding constitutional right to a key lock for a property box. Thus, Plaintiff does not state a claim against Defendant Houser.

Title 28 U.S.C. § 1391(b) guides the proper venue for federal civil rights actions filed under 42 U.S.C. § 1983. As provided, § 1983 suits may be brought only in (1) the judicial district where any defendant resides if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) a judicial district in which any defendant may be found if there is no district in which the action may otherwise be brought. 28 U.S.C § 1391(b).

Plaintiff's allegations against Defendant Botai during Plaintiff's detention in the Jail, which lies within Cook County, Illinois, must be filed in the Northern District of Illinois. *See* 28 U.S.C. 93(a) (listing the Illinois counties that comprise the Northern District of Illinois).

The Court also notes that Plaintiff identified Defendants Millican and Tate in her initial pleading but does not mention them in her amended pleading. Thus, Millican and Tate are dismissed as parties. *See Carver v. Condie*, 169 F.3d 469, 472 (7th Cir. 1999) ("Once the amended complaint was filed . . . it became the governing document in the case and any allegations . . . not brought forward fell by the wayside.").

## II.    Counsel

Plaintiff has no constitutional right to counsel, and the Court cannot require an attorney to accept pro bono appointments in civil cases. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992)

(holding that although indigent civil litigants have no constitutional right to counsel, a district court may, in its discretion, request counsel to represent indigent civil litigants in certain circumstances). In considering Plaintiff's motion for counsel, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Plaintiff's Motions for Counsel (Doc. 4, 8) are denied because she has not satisfied her threshold burden of demonstrating that she has attempted to hire counsel, which typically requires writing to several lawyers and attaching the responses received.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 6) is GRANTED. The Clerk of the Court is DIRECTED to docket Plaintiff's amended pleading.**

2) **Plaintiff's Motions for Counsel (Docs. 4, 8) are DENIED with leave to renew.**

3) **According to the Court's screening of Plaintiff's Complaint [1] under 28 U.S.C. § 1915A, Plaintiff states an Eighth Amendment deliberate indifference to serious medical needs claim against Defendant Duncan. Plaintiff's claim proceeds in Duncan's individual capacity only. Additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.**

4) **The Court directs the Clerk of the Court ("Clerk") to terminate Botai, Houser, Millican, Sleet, Tate, and Thompson as parties.**

5) **This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendant before filing any motions to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.**

6) The Court will attempt service on Defendant by mailing Defendant a waiver of service. Defendant has sixty days from service to file an Answer. If Defendant has not filed Answers or appeared through counsel within ninety days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.

7) If Defendant no longer works at the address provided by Plaintiff, the entity for whom Defendant worked while at that address shall submit to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

8) Defendant shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this order. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until Defendant files a motion. Therefore, no response to the answer is necessary or will be considered.

9) This District uses electronic filing, which means that after Defendant's counsel has filed an appearance, Defendant's counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail copies of motions and other documents that Plaintiff has filed with the Clerk to Defendant's counsel. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk of the Court. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel has filed an appearance, and the Court has entered a scheduling order, which will explain the discovery process in more detail.

10) The Court grants Defendant's counsel leave to depose Plaintiff at his place of confinement. Defendant's counsel shall arrange the time for the deposition.

11) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

12) If Defendant fails to sign and return a waiver of service to the Clerk within thirty

**days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on that Defendant and will require that Defendant to pay the full costs of formal service under Federal Rule of Civil Procedure 4(d)(2).**

13) **The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.**

14) **The Court directs the Clerk to attempt service on Defendant under the standard procedures.**

ENTERED May 8, 2026.

s/ *Colleen R. Lawless*

_____

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE